**ELD-45**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2479
_____

IN RE:  TORMU E. PRALL,
                                                              Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Civ. No. 2-12-cv-02813)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 19, 2012
Before:  Motz, Davis and Walker, <u>Circuit</u> <u>Judges</u>[*]

(Opinion filed: August 27, 2012)
_____

OPINION
_____

PER CURIAM

---

[*] The Honorable Diana Gribbon Motz, United States Circuit Judge for the Fourth Circuit, the Honorbale Andre M. Davis, United States Circuit Judge for the Fourth Circuit, and the Honorbale John Walker, Jr., United States Circuit Judge for the Second Circuit, sitting by designation.  28 U.S.C. Section 291.

1

Tormu E. Prall petitions for a writ of mandamus to compel the United States District Court for the Eastern District of Pennsylvania to take action in his recently filed civil rights action. We will deny the petition.

Prall filed his civil rights action on May 18, 2012. He names the "Court of Appeals," the Judicial Council, the United States, and Circuit Judges Rendell, Hardiman, and Roth as defendants.[1] His claims apparently stem from his dissatisfaction with prior orders of the Court of Appeals determining that Prall, who has "three strikes" under the Prison Litigation Reform Act, was not eligible to proceed in forma pauperis with a mandamus petition and appeal regarding a separate matter. See Prall v. Bocchini, C.A. No. 11-3956 (3d Cir. Apr. 12, 2012 Order); In re Prall, C.A. No. 11-4011 (3d Cir. Mar. 19, 2012 Order). He seeks a writ of mandamus compelling the District Court (1) to expeditiously screen and serve his new civil rights complaint and motion for temporary restraining order and injunction; (2) to disqualify itself on the basis that it will be required to pass judgment on fellow members of the federal judiciary; and (3) to transfer the potential appeal of a potential order dismissing his complaint to another circuit.

Mandamus is a drastic remedy available only in the most extraordinary of circumstances. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir.

_____

[1] We base our understanding of the allegations in Prall's complaint on the District Court's opinion denying Prall's motion to proceed in forma pauperis. When Prall filed his mandamus petition, he had not been granted permission to proceed in forma pauperis in the District Court and had not paid the filing fee. His complaint thus had not been filed in the District Court, and no copy was included with the petition for a writ of mandamus.

2

2005).  It is only appropriate when (1) the petitioner has no other adequate means to obtain the relief sought; (2) the right to the issuance of the writ is clear and indisputable; and (3) the issuing court is satisfied in the exercise of its discretion that mandamus is appropriate under the circumstances.  Id. at 378-79.

First, Prall requests that we compel the District Court to screen and serve his complaint, summons, and motion for temporary restraining order and injunction on the defendants.  After Prall filed this mandamus petition, the District Court denied Prall's motion for leave to proceed with his civil rights action in forma pauperis.  Prall then filed a motion seeking relief from the District Court's order.  He has filed a similar motion in this proceeding, which we will construe as a supplement to his mandamus petition.  As Prall has other adequate means to obtain the relief he seeks here, mandamus relief is not warranted.  See In re Diet Drugs Prods. Liab. Litig., 418 F.3d at 379; see also In re Pressman-Gutman Co., 459 F.3d 383, 398 (3d Cir. 2006) (courts of appeals must be circumspect in exercising their power to issue writs of mandamus, to avoid having mandamus used as a substitute for appeal). [2]

Second, Prall seeks to compel the District Judge to disqualify himself on the basis that he will be required to pass judgment on fellow members of the federal judiciary.

_____

[2] Moreover, Prall initiated the underlying action in the District Court on May 18, 2012, and he filed his petition for a writ of mandamus on May 24, 2012.  Such a "delay" hardly rises to the level warranting mandamus relief.  See Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

3

Although a writ of mandamus is an available remedy through which to obtain review of a District Judge's refusal to disqualify himself pursuant to 28 U.S.C. § 455, see In re School Asbestos Litig., 977 F.2d 764, 776-78 (3d Cir. 1992), there is nothing in this mandamus petition that would support a conclusion that a reasonable person would question the District Judge's impartiality under the circumstances. It also does not appear from a review of the docket that Prall has filed any motion in the District Court seeking disqualification. Thus, mandamus is not warranted on this ground.

Finally, Prall petitions for a writ of mandamus to transfer any appeal from an order dismissing his complaint to another circuit "in case the complaint is dismissed." Regardless of whether mandamus would be an appropriate vehicle to obtain such relief, this request warrants no further consideration as it is speculative.

Accordingly, we will deny the petition for a writ of mandamus.